**Shinta Riawaty WIDJAJA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72198.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 1, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Robert G. Ryan, Law Offices of Eugene C. Wong, P.C., San Francisco, CA, for Petitioner.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Mary Jane Candaux, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Shinta Riawaty Widjaja, a native and citizen of Indonesia, petitions for review of a decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA affirmed the IJ's decision without opinion, the IJ's decision is considered the final agency determination. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review that decision under the substantial evidence standard and must uphold it unless the evidence compels a reasonable factfinder to reach a contrary result. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001). We deny the petition.

To establish eligibility for asylum, Widjaja must demonstrate that she is unable or unwilling to return to Indonesia because of past persecution or a well-founded fear of future persecution on account of a statutorily protected ground. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003).

 Substantial evidence supports the IJ's determination that Widjaja has not

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

suffered past persecution. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)). The event that forms the principal basis for Widjaja's claim to past persecution-an incident during which indigenous Indonesians forced Widjaja, who is a Catholic of Chinese ethnicity, to pray in a Muslim fashion-was not so severe as to compel a finding of past persecution.

■ There is likewise substantial evidence supporting the IJ's finding that Widjaja does not have a well-founded fear of future persecution. Widjaja's documentary evidence concerning the generalized harassment and discrimination endured by Indonesia's Chinese and Christian populations does not establish that she faces a *particularized* risk of persecution. *See Kotasz v. INS,* 31 F.3d 847, 852 (9th Cir. 1994) ("[T]he petitioner cannot simply prove that there exists a generalized or random possibility of persecution in his native country; he must show that he is at particular risk."). Widjaja's claim is further undermined by the fact that her parents and sister continue to reside in Indonesia without incident. *See Hakeem,* 273 F.3d at 816.

Because Widjaja has failed to establish eligibility for asylum, it follows *a fortiori* that she is unable to meet the more demanding evidentiary burden for withholding of removal. *See Halaim v. INS,* 358 F.3d 1128, 1132 (9th Cir.2004). Her claim under the Convention Against Torture also lacks merit because she has not established that she is in danger of torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

**PETITION FOR REVIEW DENIED.**